UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NAPHTALI POLYNICE,

                          PLAINTIFF,            AMENDED COMPLAINT

          -AGAINST-                          20-CV-305

NEW YORK CITY, SERGEANT TERRANCE CURRAN,
INSPECTOR WILLIAM TAYLOR, AND DETECTIVE
DANIEL LUDEMANN, individually, and in their capacity
as members of New York City Police Department

                          DEFENDANTS.

------------------------------------------------------------------------ x


## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff, Ms. Naphtali Polynice ("Ms. Polynice"), seeks relief for the violation of her rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about January 30, 2019, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Ms. Polynice to, *inter alia*, false arrest, denial of right to a fair trial, and the use of excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Ms. Polynice, is a citizen of the United States and at the time of the events described herein resided at 111-04 197th Street, St Albans, NY 11412.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Sergeant Terrance Curran ("Sgt. Curran"), Inspector William Taylor ("Insp. Taylor"), and Detective Daniel Ludemann ("Det. Ludemann") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacity.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Polynice is 27 years old and at the time of the incident herein was working at the Queens Center for Progress.

11. On or about January 30, 2019, at approximately 5:45 pm, Ms. Polynice returned home from work and observed several police cars outside her residence.

12. Ms. Polynice was informed by her neighbors that her grandmother, Ms. Claudette Dorlean, had been screaming from inside of the house.

13. Upon information and belief, police officers were executing a search warrant related to Ms. Polynice's uncle.

14. Ms. Polynice was concerned for her grandmother's health.

15. Ms. Polynice knocked on the front door.

16. A police officer answered the door.

17. Ms. Polynice explained to the officer that she lived there and was concerned for her grandmother's health.

18. The police officer informed Ms. Polynice that she could not see her grandmother.

19. Shortly thereafter, Ms. Polynice was able to speak to her grandmother through the door.

20. Ms. Polynice asked the officers to allow her to get a coat for her grandmother.

21. The officers refused to allow Ms. Polynice to get a coat for her grandmother.

22. Insp. Taylor and several other officers then grabbed Ms. Polynice and pulled her inside the house.

23. Ms. Polynice was tightly handcuffed behind her back by Insp. Taylor.

24. Ms. Polynice asked for the handcuffs to be loosened.

25. Insp. Taylor refused to loosen the handcuffs.

26. Insp. Taylor told Ms. Polynice, in sum and substance, that because she would not be quiet, she was now going to jail.

27. Insp. Taylor then repeatedly poked Ms. Polynice in her cheek with his finger.

28. Ms. Polynice asked Sgt. Curran to intervene to stop Insp. Taylor from continually poking her in the cheek, but Sgt. Curran refused to intervene and deliberately looked away.

29. Insp. Taylor instructed the officers to take Ms. Polynice to the precinct.

30. Two officers took Ms. Polynice to the 105 Precinct.

31. At the precinct, Ms. Polynice was processed and held in a cell for approximately one and a half hours with handcuffs on.

32. Ms. Polynice's arresting officer was Det. Ludemann.

33. After the handcuffs were removed, Ms. Polynice was moved to Central Booking, where she was held overnight.

34. Ms. Polynice was arraigned the next morning at approximately 11:00 AM.

35. Ms. Polynice was charged with Resisting Arrest and Obstructing Governmental Administration.

36. In the Criminal Court Complaint, Det. Ludemann falsely stated that "after being told numerous times to leave said location, the defendant refused to leave and was banging on the front door screaming and yelling, in sum and substance, f**cking pigs."

37. In the Criminal Court Complaint, Det. Ludemann also falsely stated that "when he was attempting to place handcuffs on the defendant, the defendant flailed her arms in an attempt to avoid being handcuffed and placed under arrest."

38. The NYPD Arrest Report and NYPD Court Verification/Arraignment Card both falsely state that Ms. Polynice, "after disregarding numerous warnings to leave the location, did cause annoyance and alarm, thus distracting the officers from executing

their duties. The deft then did proceed to kick and flail her arms, refusing to be apprehended."

39. Ms. Polynice accepted an Adjournment Contemplating Dismissal.

40. Ms. Polynice continues to suffer physically and emotionally from the events of January 30, 2019, including fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

43. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

44. Defendants confined Plaintiff.

45. Plaintiff was aware of, and did not consent to, her confinement.

46. The confinement was not privileged.

47. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Use of Force)

48. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

49. Defendants have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

50. Defendants have deprived Plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants used excessive and unreasonable force against Plaintiff.

51. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

53. Defendant have deprived Plaintiff of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

54. Defendants have deprived Plaintiff of her right to a fair trial, pursuant to the Fourteenth and Sixth Amendments to the United States Constitution.

55. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of her rights.

56. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### FIFTH CAUSE OF ACTION

(42 USC 1983 – Failure to Intervene: Sgt. Curran)

57. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

58. Defendant Insp. Taylor violated Plaintiff's constitutional rights by using excessive force against Plaintiff, without legal justification.

59. Sgt. Curran knew, or should have known, that Insp. Taylor did not have legal justification for the use of force against Plaintiff.

60. Sgt. Curran failed to intervene to prevent Insp. Taylor from using excessive force against Plaintiff.

61. Sgt. Curran had sufficient time to intercede and had the capability to prevent Insp. Taylor from using excessive force against Plaintiff and violating Plaintiff's Fourth Amendment rights.

62. Plaintiff has been damaged a result of the actions of Defendant Sgt. Curran in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

63. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of Plaintiff's causes of action;
>
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
November 6, 2020

By: /s/ 
Malcolm Anderson
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075